IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY MARTINEZ, | ) | |
|      Plaintiff, | ) | 2:05-cv-1971-GEB-KJM |
| | ) | |
|   v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| PETSMART, INC., dba PETSMART #051; | ) | |
| CHK, INC., | ) | |
| | ) | |
|      Defendants. | ) | |

The status (pretrial scheduling) conference scheduled in this case for January 23, 2006 is vacated since the joint status report (JSR) submitted by the parties indicates that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

1　　　　　No further joinder of parties or amendments to pleadings is

2　permitted except with leave of Court, good cause having been shown.[1]

3

4　　　　　　　　　　　　　　　DISCOVERY

5　　　　　No modifications of the discovery requirements in the

6　Federal Rules is ordered.

7　　　　　(a)  All discovery shall be completed by June 20, 2007.  In

8　this context, "completed" means that all discovery shall have been

9　conducted so that all depositions have been taken and any disputes

10　relative to discovery shall have been resolved by appropriate orders,

11　if necessary, and, where discovery has been ordered, the order has

12　been complied with or, alternatively, the time allowed for such

13　compliance shall have expired.[2]

14　　　　　(b)  Each party shall comply with Federal Rule of Civil

15　Procedure 26(a)(2)'s initial expert witness disclosure and report

16　requirements on or before January 19, 2007, and with the rebuttal

17

18

_____

19　　　　[1]　The statements in the JSR that a party reserves the right "to
20　join a party or amend a pleading" is too imprecise to except the
referenced possible amendment from the "good cause" standard.  "Parties
21　anticipating possible amendments . . . have an 'unflagging obligation'
to alert the Rule 16 scheduling judge of the . . . timing of such
22　anticipated amendments in their status reports so that the judge can
consider whether such amendments may properly be sought solely under the
23　Rule 15(a) standard, and whether structuring discovery pertinent to the
parties' decision whether to amend is feasible."  Jackson v. Laureate,
24　Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

25　　　　[2]　The parties are advised that the Magistrate Judges in the
26　Eastern District are responsible for resolving discovery disputes.  See
Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
27　discovery-related matters to the Magistrate Judge assigned to this case.
A party conducting discovery near the discovery "completion" date runs
28　the risk of losing the opportunity to have a jurist resolve discovery
motions pursuant to the Local Rules.

expert disclosures authorized under the Rule on or before February 20, 2007.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be August 20, 2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's

---

[3]     This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  motion or opposition papers.  Motions for reconsideration shall comply

2  with Local Rule 78-230(k) in all other respects.

3       The parties are cautioned that an untimely motion

4  characterized as a motion in limine may be summarily denied.  A motion

5  in limine addresses the admissibility of evidence.

6

7                        FINAL PRETRIAL CONFERENCE

8       The final pretrial conference is set for October 15, 2007 at

9  1:30 p.m.  The parties are cautioned that the lead attorney who WILL

10 TRY THE CASE for each party shall attend the final pretrial

11 conference.  In addition, all persons representing themselves and

12 appearing in propria persona must attend the pretrial conference.

13      The parties are warned that non-trialworthy issues could be

14 eliminated sua sponte "[i]f the pretrial conference discloses that no

15 material facts are in dispute and that the undisputed facts entitle

16 one of the parties to judgment as a matter of law." Portsmouth Square

17 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

18      The parties shall file a JOINT pretrial statement with the

19 Court not later than seven (7) days prior to the final pretrial

20 conference.[4]  The joint pretrial statement shall specify the issues

21 for trial.  The Court uses the parties' joint pretrial statement to

22 prepare its final pretrial order and could issue the final pretrial

23 order without holding the scheduled final pretrial conference.  See

24

---

25      [4]   The failure of one or more of the parties to participate in
26 the preparation of any joint document required to be filed in this case
   does not excuse the other parties from their obligation to timely file
27 the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
28 document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.

1 Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
2 requirement that the court hold a pretrial conference.").  The final
3 pretrial order supersedes the pleadings and controls the facts and
4 issues which may be presented at trial.  Issues asserted in pleadings
5 which are not preserved for trial in the final pretrial order cannot
6 be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
7 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
8 pretrial order are eliminated from the action."); Valley Ranch Dev.
9 Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
10 issue omitted from the pretrial order is waived, even if it appeared
11 in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
12 (D.D.C. 1995) (refusing to modify the pretrial order to allow
13 assertion of a previously-pled statute of limitations defense);
14 Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
15 (indicating that "[a]ny factual contention, legal contention, any
16 claim for relief or defense in whole or in part, or affirmative matter
17 not set forth in [the pretrial statement] shall be deemed . . .
18 withdrawn, notwithstanding the contentions of any pleadings or other
19 papers previously filed [in the action]").
20      If possible, at the time of filing the joint pretrial
21 statement counsel shall also email it in a format compatible with
22 WordPerfect to: geborders@caed.uscourts.gov.
23
24                    TRIAL SETTING
25      Trial is set for January 15, 2008, commencing at 9:00 a.m.
26
27
28

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  January 11, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge